VÍCTOR COLL-CUCHÍ, Petitioner and Appellant, *v.* ROBERT H. TODD, Mayor of San Juan, Respondent and Appellee.

No. 3857.   Argued April 27, 1926.—Decided June 26, 1926.

*Coll y Cuchí & Cruzado Silva* for the appellant. *Leopoldo Feliú* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a proceeding in certiorari purporting to be filed under the municipal law. In essence the petitioner and appellant complained that he was removed from his office without just cause. The Mayor of San Juan, who is the

defendant, made a return and with the petition and return before it solely the District Court of San Juan rendered judgment for the defendant.

■ We are somewhat inclined to agree with the appellee that the certiorari under the municipal law is not the mode of revising the act of the mayor in removing a municipal officer. The pertinent section is as follows (Laws of Porto Rico, 1924, page 106):

"Section 65. That on motion of the aggrieved party the district courts shall have jurisdiction—

"(a) To annul or review by writ of *certiorari* any legislative or administrative act of the municipal assembly, mayor or other municipal officer, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws. of Porto Rico."

The record does not disclose that any constitutional right of the petitioner was violated or that anything was done contrary to the Organic Act or the laws of Porto Rico. We do not understand that the destitution of an officer even without just cause comes within these provisions.

■ Supposing, however, that certiorari is the proper remedy, what is the duty of a court? At the utmost to examine the return to see whether there is any justification for the action of the removing officer. Normally the said removing officer is the sole judge of the evidence and the function of the court is to see whether there is a total lack of proof to justify the removal or something similar. *Castro v. Quiñones,* 34 P.R.R. 780, 5 R.C.L. 263, 264. Always providing that the officer removed has had a due notice and a hearing of which there is no question in this appeal.

■ Nor is a removing officer bound down by some of the niceties that govern a trial court. Less than a court would he be bound by a variance between the charge and the proof.

For instance, in this case the appellant was charged with having by exchange disposed of an automobile belonging to the municipality. The defence as we understand it was:

somewhat technically directed to show that the title to the automobile always remained in the municipality. Nevertheless, the municipality lost temporarily the physical possession of the automobile and was subject to a suit and a possible resistance by the person to whom the automobile had been delivered. Furthermore, from the evidence the mayor had the right to believe that the petitioner had done everything in his power to dispose of the automobile and the mayor was not bound to believe the statements tending to show the maintenance of title in the municipality. Where a responsible officer purports to sell or exchange a personal property, a corporation is frequently estopped to deny the acts of its agent. The narration however was sufficiently specific. It charged the petitioner with having transferred the property which was the fact. The defence that it was transferred subject to the approval of the Municipal Assembly, if believed, was still a conditional unauthorized transfer.

The purchase of the two ice boxes was likewise without authority. The mayor had issued a circular forbidding the acquisition of property without certain prerequisites and the evidence tended to show that the prerequisites had not been observed. Similarly, the defence was that the property was then not legally acquired.

If these charges were at all doubtful technically there were others involving less money but literally violating the regulations, namely, in having admitted a person to the hospital without making the deposit required; in having allowed the body of a deceased person to occupy a niche without previous payment and in having admitted another person to the hospital without previous payment.

The appellee asked a dismissal because the judgment did not come up with the record. This defect was cured before the hearing.

Likewise a dismissal was asked because no appeal

was given by the municipal law. Such an appeal is authorized by sections 292 and 50 of the Code of Civil Procedure. The first gives a right of appeal in any action. In section 50 an action is made to include a special proceeding of a civil nature.

We have some question whether the return is properly certified to us, but as the appellee made no point of this, neither shall we.

The judgment appealed from must be affirmed.